ATHERTON _v._ TONEY ET AL.

MORTGAGE.—_Equity of Redemption.—Set-Off.—Vendor and Purchaser._—The assignee of an equity of redemption, who accepts a deed without covenants for the mortgaged estate, takes it charged with the mortgage debt. In the absence of a special contract, or without some special circumstances, the purchaser must be held to take the land charged with the incumbrance. He cannot pay off the debt, and then keep it alive by taking an assignment of it to himself, and set it off against an unpaid balance he may still owe his vendor on his purchase.

From the Putnam Circuit Court.

_S. Turman_ and _J. Birch_, for appellant.

OSBORN, J.—This was an action brought by the appellant against the appellees upon a promissory note for three hundred dollars. The complaint is in the usual form. The appellees filed separate answers, each alleging that Toney was the principal and Miller surety in the note. Toney pleaded in his answer, by way of set-off, a note for three hundred and fifty dollars executed by the appellant to Solon Turman, and by him assigned to the appellee, Toney, before the commencement of the action, upon which there was due a sum more than equal to the amount of the note and interest sued on. To that answer, the appellant filed a reply of two paragraphs. The appellees demurred to each paragraph on the ground that it did not state facts sufficient to constitute a reply. The court sustained the demurrer to the first paragraph and overruled it to the second. Exceptions were taken to both rulings, but as no cross errors

have been assigned, we need not notice the second paragraph. The cause was tried by the court, resulting in a finding for the appellees; and, over a motion for a new trial, judgment was rendered on the finding.

The errors assigned are, in sustaining the demurrer to the first paragraph of the reply, and in overruling the motion for a new trial.

The first paragraph of the reply alleges that on the 2d day of January, 1869, said plaintiff sold and conveyed, by deed, to defendant Toney, without warranty, certain lands therein described, then owned and in the possession of plaintiff; that the note sued upon was executed in part payment of the purchase-money of said lands, and for no other or different consideration; that before and at the time of said sale and purchase, there was existing upon said lands a mortgage to the Sinking Fund of the State of Indiana for the sum of five hundred dollars, which was a lien thereon; also, that on the 7th day of December, 1868, said plaintiff being indebted to Solon Turman in the sum of three hundred and fifty dollars, executed the note sought to be set off in defendant's answer, and also on said day executed to said Turman a mortgage on said lands, to secure the payment thereof, which said mortgage was duly recorded on the 16th day of December, 1868, and was a valid lien on the land sold to Toney, at the time of said sale and conveyance, of all of which facts Toney had full and actual knowledge; that with said knowledge Toney purchased the lands, taking a deed therefor without covenants of warranty, and executed the note sued upon, to secure the payment of part of the purchase-money thereof; that afterward Turman brought suit to foreclose the mortgage; that pending said suit, and to prevent the foreclosure and the sale of the lands, and to secure the dismissal of said suit, Toney offered to and did pay Turman three hundred and forty-five dollars, in consideration of which Turman agreed to and did dismiss his suit, and assigned said note and mortgage to Toney; that said purchase of said note and mortgage by Toney operated as a discharge and

satisfaction thereof; that it was the payment of the debt he was bound to discharge, to remove a lien on his said lands; that it would be inequitable and fraudulent to permit him to set off the same against plaintiff's note. It is further alleged in this paragraph, that in pursuance of said sale, plaintiff delivered to Toney the possession of said lands; that said Toney and Miller, his grantee, have ever since held, and still hold the quiet and peaceable possession thereof.

The question presented by the first paragraph of the reply is this: does the assignee of an equity of redemption, who accepts a deed for the mortgaged estate, without covenants, take it charged with the payment of the mortgage debt? It seems to us that, in the absence of a special contract, or without some unusual circumstances, the purchaser must be held to take the land charged with the incumbrance, and to allow him to pay off the debt and then keep it alive by taking an assignment of the obligation which the mortgage was given to secure, would be contrary to equity. We think we may fairly presume, in the absence of any evidence showing the contrary, that the amount paid was the price of the property purchased, after deducting the amount of the mortgage, and, in the language of the court in *Shuler* v. *Hardin*, 25 Ind. 386, it would be for the purchaser, and not the seller, to look to the discharge of the incumbrance. In *Starr* v. *Ellis*, 6 Johns. Ch. 393, it was said: "A court of equity will keep an incumbrance alive, or consider it extinguished, as will best serve the purposes of justice, and the actual and just intention of the party," and that the general rule is, that the union of the legal and equitable estates will create a merger of the two, unless there be some beneficial purpose, or some declared intent to prevent it. And the purpose to keep it alive must be an innocent one and injurious to no one. In *Tice* v. *Annin*, 2 Johns. Ch. 125, Chancellor KENT said: "If a judgment creditor, other than the mortgagee, sells the equity of redemption, the mortgagor reaps the benefit of that equity, by having it applied toward the payment of his other debts, and the mortgage debt remains,

without any confusion, as a distinct and separate incumbrance; and if the mortgagee, in such a case, should elect to proceed against the original debtor at law, instead of seeking to foreclose his mortgage, and should endeavor to collect his money of other property of the mortgagor, this court must either stay such a proceeding, or compel him, upon payment, to assign over his debt and security to his debtor, so as to enable the debtor to indemnify himself out of the mortgaged premises. The one course or the other would be indispensable to prevent the purchaser of the equity from obtaining and holding the whole interest in the land, when he purchased, and paid only the value of, the equity of redemption. If the mortgagee himself, as in the present case, sells the equity of redemption by execution at law, to satisfy the very debt for which the mortgage was taken, and he then proceeds at law against the mortgagor's person, or other property, for the residue of the debt unsatisfied by the sale of the equity, or if the whole debt was satisfied by the sale of the equity, the same consequence must follow. He must, at all events, on being paid, assign over to the mortgagor the bonds and mortgage, to enable him to compel the purchaser of the equity to refund him the debt out of the land charged. If, however, the mortgagee, as in this case, has put it out of his power to assign, by placing the whole debt and security in the hands of the purchaser, a new and greater difficulty arises. To allow the purchaser to go on and compel the mortgagor to pay the mortgage debt to him, and then to compel him to assign over the mortgage to the mortgagor, so as to enable him to recover the money back again, would be an idle and absurd proceeding.

"There seems to be no other alternative, but to consider the debt as extinguished in the hands of the purchaser. He purchased only the equity of redemption, and, of course, subject to the mortgage debt, and his purchase of that debt was nothing more than an extinguishment of the incumbrance upon his land."

In that case, the equity of redemption had been sold on

execution. In the case at bar, it was sold by the owner, and the note in suit was given for the purchase-money. To allow the appellee, Toney, to buy in the outstanding obligation, to secure which the mortgage was given, and use it as a set-off against a note given for the purchase-money, would enable him to hold the whole interest in the land, when he purchased only the equity of redemption. It would give him the benefit of a covenant against incumbrances when none was made. It would enable a purchaser of an equity of redemption on a credit, at a price equal to an outstanding mortgage given to secure a note or other personal obligation of the seller, to defeat the collection of the purchase-money by buying up and taking an assignment of the debt and using it as a set-off, and thus secure the property at one-half of the purchase price. That would not be for an innocent purpose. Toney paid the debt to relieve his own land from an incumbrance existing at the time of his purchase, and for the payment of which, by the terms of his purchase, the land was the primary fund. If the appellant had been compelled to pay the debt, he could have required the holder to assign the mortgage to him, to enable him to subject the land to the repayment of the money. Or without such assignment he could have subjected the land to the repayment of the amount. The decision of the court below sustaining the demurrer was erroneous, and for that cause the judgment must be reversed. This renders a consideration of the questions arising on the motion for a new trial unnecessary.

The judgment of the said Putnam Circuit Court is reversed, with costs. The cause is remanded to said court, with instructions to grant a new trial and overrule the demurrer to the first paragraph of the reply, and for further proceedings in accordance with this opinion.