## HANCOCK v. WIGGINS ET AL.

[No. 3,539.   Filed March 11, 1902.]

CONTRIBUTION.—*Judgments.*—*Execution.*—*Principal and Surety.*—Execution was issued against the undivided one-half of certain lands held by plaintiff and her husband as husband and wife on a judgment against the husband and another, and the same was sold at sheriff's sale and a certificate of purchase issued to the purchaser.  Such proceedings were had that the title was quieted in plaintiff and her husband, and plaintiff purchased her husband's interest and received a quitclaim deed therefor.  The judgment creditors thereafter appealed from the judgment quieting title, and the judgment below was reversed and a sheriff's deed to the land was executed to the holder of the certificate of purchase.  *Held*, that plaintiff could not maintain an action against the judgment debtors for contribution.

From Randolph Circuit Court; *A. O. Marsh*, Judge.

Action by Laura B. Hancock against Daniel S. Wiggins and John T. Burroughs.  From a judgment for defendants on demurrer to complaint, plaintiff appeals. *Affirmed.*

*J. W. Thompson* and *F. C. Focht*, for appellant.

*S. A. Canada, J. S. Engle, F. S. Caldwell* and *W. G. Parry*, for appellees.

BLACK, J.—The appellant, Laura B. Hancock, in her complaint against the appellees, Daniel S. Wiggins and John T. Burroughs, a demurrer to which for want of sufficient facts was sustained, showed, in substance, that in 1877, Isaac R. Howard and Isaac N. Gaston recovered a judgment in the court below against the appellees for $830; that the appellant was then the wife of the appellee Wiggins, but thereafter they were divorced and she was again married, "and her name is now Hancock"; that after the rendition of the judgment, and while she was the wife of appellee Daniel S. Wiggins, his father, Samuel Wiggins, conveyed to said Daniel and the appellant, as husband and

wife, certain real estate described (eighty-three acres) in Randolph county; that the plaintiffs in said judgment caused execution thereon to be issued and to be levied on the undivided one-half of the real estate, claiming the right to take such undivided one-half thereof as the property of the appellee Wiggins; and, in 1886, the sheriff levied the execution on the one-half interest in value of the real estate, as the property of the appellee Wiggins, and proceeded, by direction of the judgment plaintiffs, to advertise the real estate for sale under the execution, and on the 8th of June, 1886, advertised the same for sale on the 3rd of July, 1886, and on the last mentioned day, sold such undivided one-half in value of the real estate, which was bid off by the judgment plaintiffs in satisfaction of the execution, and the sheriff executed his certificate of purchase to the purchasers; that after said levy of the execution, the appellee Wiggins and the appellant, as husband and wife, believing that his said interest was not subject to sale on the execution, on the 28th of June, 1886, in the court below, filed their complaint, by which they sought to enjoin the sheriff and the judgment and execution plaintiffs from selling the real estate on the execution; but before service could be had, the day of sale arrived and the interest in the real estate was sold as aforesaid; that thereupon by their supplemental bill the appellee Wiggins and the appellant set up and alleged that the sheriff's sale and the issuing of the certificate of purchase cast a cloud upon their title to the real estate, and demanded that their title be quieted as against the sheriff and the purchasers at the sheriff's sale; that issues were joined upon the complaint and supplemental complaint in that suit, upon the trial of which the court found for the plaintiffs in that cause (the appellee Wiggins and the appellant) and found that the real estate was their property, and that they, as husband and wife, owned it as tenants by entireties, and that said one-half interest was not subject to the debts of the appellee Wiggins, and was not.

subject to sale on the execution, and could not legally be sold by the sheriff, and that the sheriff's sale and certificate cast a cloud upon the title of the plaintiffs therein; and the court in said cause decreed that the title of said plaintiffs be quieted, etc. It was further alleged that the defendants in that cause did not pray an appeal at the time of the rendition of the judgment therein, or give notice of appeal, or of their intention to appeal, and the appellant was led to believe and did believe that the cause would not be appealed, and that the defendants in that cause would not appeal therein; that the appellant relying upon that judgment and the effect thereof, and believing that she and the appellee Wiggins owned said real estate and had the legal, fee simple title in and to the same, and that the real estate was not subject to the debts of the appellee Wiggins, and could not be taken on judgment or execution against him, she, after the rendition of the judgment so quieting the title, purchased from the appellee Wiggins his undivided interest in the real estate, and in consideration thereof paid him the full value of that interest, and he thereupon conveyed his interest in the real estate to her; that long thereafter, Howard and Gaston, the defendants in that suit, in 1887, took an appeal therein to the Supreme Court of Indiana, which appeal was pending until December 19, 1893, when that court reversed the judgment of the circuit court and decided that the undivided interest of appellee Wiggins in the real estate was subject to sale on the execution as aforesaid, and ordered the circuit court to sustain the demurrer to the complaint in that suit, etc.; that afterward, on the 16th of November, 1894, the circuit court made and entered its findings and judgment pursuant to the judgment and opinion of the Supreme Court, and sustained said demurrer, and adjudged and decreed that the interest of the appellee Wiggins was subject to sale, etc., and that the sale and the certificate of purchase were legal and valid, and that the purchasers thereby became the owners of the undivided one-

half of the real estate; that after the rendition of the
decision of the Supreme Court, the sheriff, on the 26th of
February, 1894, executed to the holder of the certificate,
Isaac R. Howard, a sheriff's deed for the undivided one-half
interest in the real estate. It was also alleged that after the
sale by the sheriff as aforesaid, and after the decree of the
circuit court so quieting the title, the appellee Wiggins and
the appellant, as husband and wife, and owners of the real
estate as tenants by entireties, as so decreed by the circuit
court, held, used, occupied, and enjoyed the real estate,
until the conveyance by Wiggins to the appellant, and after
that conveyance the appellant held, used, occupied and en-
joyed the real estate as her own until the execution of the
sheriff's deed to Howard, when Howard took possession and
control of the undivided one-half interest in the real estate
to the exclusion of the appellant; whereby she lost her said
real estate; that, by reason of her real estate being so taken,
the debt of Wiggins and Burroughs was paid and satisfied,
and the judgment against them was paid and canceled; and
that they are thereby justly indebted to her in the sum of,
etc. Wherefore, etc.

The cause in the Supreme Court to which reference is
made in the complaint is *Thornburg* v. *Wiggins*, 135 Ind.
178, 22 L. R. A. 42, 41 Am. St. 422; the ground of the
reversal of the judgment of the circuit court being that the
real estate was conveyed to the appellee Wiggins and his
wife, the appellant, in joint tenancy, and they therefore
were not tenants by entireties, and the undivided interest
of the husband was subject to sale on execution under the
judgment against him and the appellee Burroughs. The
complaint now before us does not show that the appellant
and the appellee Wiggins were joint tenants; but it shows
that under the judgment of the Supreme Court, and the sale
and conveyance in accordance therewith, the appellant was
deprived of the undivided one-half interest in the real es-
tate which the appellee Wiggins conveyed or sought to

convey to her, and that it was applied upon the indebtedness of the appellees.

The complaint must be construed most strongly against the appellant, and the deed of conveyance of the husband to the wife, therefore, must be regarded as a deed without covenants of title, its execution transferring to the appellant merely the existing interest of the grantor; and, accordingly, it is agreed by counsel in argument that it was a quitclaim deed.

The undivided one-half of the real estate owned by the appellee Wiggins had been subjected to sale as his property under the execution upon the judgment against him and the appellee Burroughs, and the sheriff's certificate of sale had been issued to the purchaser, before the appellee Wiggins conveyed without covenants to the appellant his interest in the real estate, which was the interest of one for whose real estate another holds a valid sheriff's certificate of sale on execution. The real estate was not redeemed from the sheriff's sale, and the sheriff's deed had been executed before the commencement of this action. The date of the conveyance to the appellant is not alleged, nor is the amount paid by her stated, but it is alleged to have been the full value of his undivided interest in the real estate. At most, he then had no more than the right of one who has not redeemed his land from a sheriff's sale on execution. If it may properly be said that real estate conveyed to her was subjected after her purchase thereof to the satisfaction of the judgment against the appellees, it can not be said that she in any manner paid the judgment debt at the request, express or implied, of the judgment debtor, or that any right of action exists in her favor against them for money paid at their instance or request.

If a grantee accept a deed without sufficient covenants against encumbrances, he cannot recover for money paid in removing the encumbrances, unless paid under such circumstances as will raise an implied assumpsit.

To entitle one to recover for money paid for the use of another, the latter's express or implied request therefor must be shown. "It is not sufficient to prove merely the defendant's liability to a third person, and the plaintiff's discharge of such responsibility. It is necessary to establish that the plaintiff did so at the instance of the defendant, or that the act was subsequently recognized by him". *Woodford* v. *Leavenworth,* 14 Ind. 311, and authorities cited.

Assuming, as we will, without critical consideration of the matter, that the title to the undivided one-half of the real estate was conveyed to the appellant, and that this real estate, the title to which was in her, was subjected to the payment of the prior encumbrance thereon, the view taken by the appellant, and the one most favorable to her that could be taken of her situation, it is not a case of a grantee who has paid off an encumbrance on the real estate, and has thereby saved the land from subjection to satisfaction of the debt secured by the lien, but it is a case where the grantee suffered the encumbered property to be applied to the discharge of the debt, she having no covenant of her grantor against such a result.

Counsel for the appellant propose the theory that the facts stated constitute a cause of action for contribution. The appellant can not, in any view of the case, be regarded as having been a surety for the appellees, or either of them, or as having been personally liable, by herself or with any other person, for the payment of the indebtedness on which the land was applied; and the encumbrance enforced against the real estate in question is not shown to have been an encumbrance also upon property of appellees, or either of them, which was released, and the lien on which was discharged by payment by the appellant. The land conveyed to her was primarily bound for the debt on which it was applied in payment. She did not pay a debt for which she and the appellees, or either of them, were together personally liable; and her land was not applied in payment of a

debt for which it, with the property of the appellees, or either of them, was alike encumbered, being a debt which, as between her and the appellees, or either of them, was apportionable, each being as to the others bound for a share only of the debt. She, indeed, is not seeking to recover a portion or portions or a share or shares only of what she paid, or to equalize a common burden, but is seeking to be reimbursed for the value of the land conveyed to her, upon the assumed ground that she was entitled to have the land exonerated from the encumbrance by the appellees.

If she had not permitted the land to be applied upon the judgment debt (whether or not it fully satisfied it is not clearly shown), but had redeemed the land and had completely paid off the encumbrance, she might have kept it alive, perhaps, by way of protection against a subsequent encumbrance or title. See Pom. Eq. §§791 et seq., 1211, 1212 and notes. See, also, Springer v. Foster, 27 Ind. App. 15. But the facts here do not involve such a question.

There is no allegation of fraud, and any mistake involved in the case was a mistake of law merely. The appellant took her conveyance with full knowledge of all the facts, and accepted a deed without covenants. Whatever sum she paid, she can not be heard to claim that she did not receive all that she paid for, and she must be regarded as having in contemplation at the time the encumbrance for the discharge of which the land was sold, and as having purchased with knowledge of its primary liability thereunder, and of the limited interest conveyed to her, and of the legal effect of the deed of conveyance executed to her. Whatever her hope or belief concerning the appeal, she must be regarded as having taken the conveyance with knowledge of the law applicable to the facts, with which she was fully acquainted, as it might be declared by the Supreme Court.

In Meikel v. Borders, 129 Ind. 529, 533, the opinion was expressed that where a person takes a quitclaim deed, he is put upon inquiry as to the title. Such a deed conveys the

existing interest of the grantor in the land described. *Davidson* v. *Coon*, 125 Ind. 497, 502, 9 L. R. A. 584. It does not work an estoppel, or prevent the grantor, who may have had no title whatever, from setting up an after-acquired title. *Graham* v. *Graham*, 55 Ind. 23, 29.

Where it is alleged in pleading that persons named conveyed their interest in certain lands to another person named, the inference to be drawn from the language used is that they only purported to convey such interest as they possessed. *Nicholson* v. *Caress*, 45 Ind. 479.

Where there is no fraud, and the conveyance is without covenants of title, the grantee having knowledge of the facts concerning a defect in the title, he assumes the risk of title, and has no remedy, either at law or in equity, for a failure of title. *James* v. *Hays*, 34 Ind. 272, and cases cited.

When the assignee of an equity of redemption accepts a deed without covenants, having notice of the outstanding encumbrance, in the absence of a special contract, or without some special circumstance, the purchaser takes the land charged with the encumbrance. *Atherton* v. *Toney*, 43 Ind. 211. In *Habig* v. *Dodge*, 127 Ind. 31, 40, it is said that the general proposition is abundantly maintained that a deed of release or quitclaim, or a conveyance of the "right, title, and interest" of the grantor, even though it be with full covenants of warranty, without designating in the instrument any particular estate, either as owned by the grantor or as conveyed by the deed, operates simply to transfer whatever interest the grantor may have had at that time. See, also, *Nicholson* v. *Caress*, 45 Ind. 479. In *Shuler* v. *Hardin*, 25 Ind. 386, South had contracted to convey a certain lot to Shuler by quitclaim deed. It was held that this did not bind South to discharge the lien of a certain judgment which rested upon the property when he so contracted; and that it was for Shuler, and not South, to look to its discharge.

One who purchases land at an execution sale, or who takes a quitclaim deed therefor, or a deed expressly subject to encumbrances which constitute a charge upon the land, does not become personally liable to pay the preexisting encumbrances; but, as he is deemed to have deducted the amount thereof from the purchase price, the land in his hands becomes the primary fund out of which the encumbrances are to be paid. When he pays them off, by any method, they will be treated as extinguished, unless there is some equitable purpose to be served in keeping them alive. They will not be kept alive to the injury of one who has a right to have them treated as extinguished. *Bunch v. Grave*, 111 Ind. 351, 355, citing Pom. Eq. §1205, and Jones on Mort. §737. The grantee in such case is not a surety as between him and his grantor. See, *Brewer* v. *Staples*, 3 Sandf. Ch. 579; *Stevens* v. *Church*, 41 Conn. 369.

We are unable to find in the facts detailed in the complaint any occasion for the application of the principles relating to contribution, exoneration, or subrogation.

Judgment affirmed.