SLATE ET AL. *v.* PEOPLES MUTUAL SAVINGS AND LOAN ASSOCIATION ET AL.

[No. 15,341. Filed May 4, 1937. Rehearing denied October 15, 1937. Transfer denied December 17, 1937.]

*Merle N. A. Walker, Samuel J. Offutt, Ralph E. Jones, Bachelder & Bachelder* and *Victor R. Jose,* for appellants.

*Leo X. Smith* and *Jackson & Hinchman,* for appellees.

CURTIS, J.—The appellee, Peoples Mutual Savings and Loan Association, filed its amended complaint in the trial court to foreclose a certain real estate mortgage and for a deficiency judgment against the appellants in case the real estate did not sell for a sufficient sum to discharge the mortgage debt. In addition to the appellants, Slate and Slate, the appellee Max Goldberg as owner by purchase of the real estate in question was made a party defendant. Remedial Finance Corporation was also made a defendant but the cause of action as to it was later dismissed. No question is made herein as to the form and sufficiency of the original note and mortgage and we may say in passing that both the note and mortgage are in the usual form commonly used in building and loan mortgages. By reason of one of the appellants' contentions we deem it necessary, however, to set out verbatim a copy of said note as follows:

"Indianapolis, Ind., February 18, 1925.
On or before ten years from date, for value received we jointly, severally and as principals, promise to pay to the order of The Peoples Mutual Savings and Loan Association the principal sum of Sixty-Five Hundred ($6500.00) Dollars, with attorney's fees and with interest at the rate of seven (7%) per cent per annum until paid, payable in payments of not less than twenty-five (25) cents per share, each week in advance as dues upon Sixty-Five (65) shares of capital stock of said Association, of one hundred dollars each, together with all fines that may be assessed under the by-laws of said Association, upon said capital stock; all of said payments to be made, without relief from valuation and appraisement laws, at the office of said Association, in the city of Indianapolis, Indiana, on or before the first day of each month until

the whole of said principal sum, interest and fines are fully paid.

On January first and July first in each year, said interest shall be computed and taken out of said monthly payments, and the balance of such payments in excess of said interest, insurance and fines, shall on said dates be credited as dues.

This note is secured by mortgage of even date, on real estate in Marion County, Indiana, and obligates the undersigned to make the payments and perform all the conditions therein stipulated.

WALTER J. SLATE,
JESSIE M. SLATE."

To the amended complaint the appellants filed an answer in two paragraphs, the first being a general denial and the second as follows:

"Comes now the defendants, Walter J. Slate and Jessie M. Slate, and for second paragraph of answer to plaintiff's amended complaint states:

That the said defendants, as alleged in said complaint, were the owners of the real estate described in said complaint on or about the 18th day of February, 1925, and executed the notes and mortgage alleged in plaintiff's complaint upon said real estate.

That said loan was, as alleged in plaintiff's complaint, a building and loan association loan, and was made pursuant to the provisions of the statute governing building and loan associations among the terms of which was that the said defendants, as security for the payment of said loan, subscribed for 65 shares of the capital stock of the plaintiff of the par value of $100.00 each and agreed to pay upon such shares not less than 25¢ per share each week.

That as alleged in plaintiff's complaint said note was due on or before ten years from date and that said date of said note was February 18th, 1925.

That pursuant to the terms of said note the same is not yet due or payable.

That the note contains no provisions for the earlier maturity of the note by reason of the failure to pay upon the shares of stock according to the subscription agreement.

That, as alleged in plaintiff's amended complaint, among the provisions in the mortgage sought by the

plaintiff in this proceeding to be foreclosed, the defendants pledged as collateral security said 65 shares of stock and deposited and delivered said collateral pursuant to the terms of said collateral contract and according to the by-laws of the plaintiff association.

That on or about the 20th day of March, 1925, these defendants sold said real estate by warranty deed to Irving I. Goldberg; that by the terms of said conveyance the said grantee accepted said real estate subject to said mortgage.

That concurrently with the execution of said conveyance and the sale of said real estate by these defendants to the said Irving I. Goldberg, these defendants assigned all of their interest in and to said shares of stock, so subscribed for by them, as evidenced by a subscription book, to Irving I. Goldberg; that said assignment of said shares of stock was duly accepted by the plaintiff which, by the acceptance of such assignment of such stock subscription, agreed to accept such assigned collateral from the new purchaser and agreed to look to such new purchaser for the payments to be made under the terms of such subscription agreement and thereafter held such collateral as the collateral of the co-defendant, Irving I. Goldberg, and by the acceptance of such assignment agreed to accept and look to Irving I. Goldberg, a co-defendant in this action, for the payment of such mortgage and released these defendants upon the conditions and provisions of the note sued upon, which constitutes the indebtedness alleged to be secured by the mortgage upon said real estate.

That thereafter the plaintiff accepted payments as set out in its exhibit of account attached to such amended complaint and that from and after March 20th, 1925, received payments upon such subscription and applied the same upon the loan all in the name of Irving I. Goldberg and carried said loan thereafter exclusively in the name of Irving I. Goldberg and said loan was not thereafter carried on the books of the plaintiff against these defendants.

That continuously after the 20th day of March, 1925, the said Irving I. Goldberg was in default in the full performance of the conditions of such subscription agreement as set forth in said note and

continued so in default for the period from March 31st, 1925, to the filing of such amended complaint on December 1, 1932, a period of approximately seven years.

That during said entire period of default the plaintiff made no demand nor gave notice to these defendants of any default in any of the conditions of said note, but that plaintiff looked exclusively to the defendant, Irving I. Goldberg, the assignee and grantee of these defendants.

That no demand was made upon these defendants of any default in any of the conditions of said note prior to the filing of this action.

That by reason of the matters alleged in this answer the said defendants, Walter J. and Jessie M. Slate have been released from any liability on account of such note alleged in plaintiff's complaint and the said plaintiff is estopped to assert any personal liability against these defendants by reason of the matters set forth herein.

WHEREFORE, these defendants pray for judgment against the plaintiff and for other relief in the premises."

To the paragraph of answer just set out the appellee filed a demurrer for want of sufficient facts which was sustained with an exception. The cause was submitted to the court for trial without the intervention of a jury. Upon proper request the court made a special finding of facts and stated its conclusions of law thereon. These were favorable to the appellee and a judgment was rendered thereon. Before judgment the appellants filed a motion for a *venire de novo* and also a motion for a new trial. Each of said motions was overruled. The court then rendered a personal judgment against each of the appellants who were the makers of the note; ordered the real estate sold to satisfy the mortgage debt and a deficiency judgment against the appellants in case the real estate failed to sell for a sum sufficient to satisfy the costs and the mortgage debt and that the equity of redemption of Slate and Slate and Max Goldberg and all persons claiming by or through them in and to the stock

subscribed for and the said real estate be forever barred and foreclosed. Following the judgment there was a motion to modify the same which was overruled. This appeal was then prayed and perfected. The errors assigned relate to the following: (1st) The ruling on the demurrer to the second paragraph of answer; (2nd) the ruling on the motion for a *venire de novo*; (3d) the ruling on the motion for a new trial; (4th) the ruling on the motion to modify the judgment; and (5th) alleged error as to each of conclusions of law numbered 4 and 5. The causes of the motion for a new trial which are presented are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Under the issues, as made, the trial court properly heard the evidence as to the entire transaction. The complained of ruling on the demurrer cut off no evidence in defense of the cause of action. There was no reversible error in such ruling.

We have read the finding of facts carefully. The finding sets out the entire transaction and the evidence in our opinion is ample to sustain the finding. Among other things it is found that "Plaintiff never orally or in writing agreed to any extension of time for making payments upon the mortgage obligation due plaintiff sued upon." It is also found that "monthly dues and interest were unpaid, due and in default and continued as such, more than 90 days prior to the beginning of this action." At the time the said mortgage and note were executed the building and loan association delivered to the appellants a pass book showing the number of shares of stock subscribed for, which was 65. In the pass book was contained a copy of the by-laws and constitution of the association and also an assignment of said stock by Slate and Slate to Irving I. Goldberg. After said assignment the building and loan association carried said stock transaction on

its books as follows: "Walter J. Slate and Jessie M. Slate now Irving I. Goldberg."

The law in force when the mortgage and note were executed (Sec. 5094 Burns 1926) provided that three months delinquency on a building and loan mortgage made the whole debt due and payable. That same clause was re-enacted into the new Financial Institutions Act, Acts 1933, page 320, section 291 (§8101 Baldwin's 1934), and is as follows:

> "In case any borrower shall fail or neglect to pay dues on stock, interest, premiums, or fines, as provided by the by-laws or the terms of his note, bond, mortgage, or other evidence of indebtedness, for the period of three months, . . . then the whole of such indebtedness shall become due and be immediately due and payable at the option of such association, without notice or demand and the payment thereof may be enforced by proceedings on his securities according to law."

The said statute is by law made a part of a building and loan mortgage. The fact that the original mortgagors sold the real estate to another person and likewise sold and assigned said stock does not relieve them of their obligation to pay their primary debt, unless there was an agreement to that effect either express or implied. No such agreement was found by the trial court. See 41 C. J. 709 and cases cited there.

The case of *Mutual Benefit Association* v. *Lindley* (1933), 97 Ind. App. 575, 183 N. E. 127, is not in point and is readily distinguishable, for in that case there was a definite extension of time for payment given and in the instant case the court specifically found that no such extension agreement either oral or in writing was made.

Conclusions of law number 4 and 5 which are assailed are as follows:

"(4) After giving credit for all payments made upon the purchase of stock in plaintiff company upon the collateral security for the payment of the indebtedness sued upon, plaintiff is entitled to judgment against Walter J. Slate and Jessie M. Slate, and each of them, in the sum of $7,615.99 for principal, interest and attorney fees, with interest thereon at 7% per annum until paid, without relief from valuation or appraisement laws.

(5) Plaintiff is entitled to have a deficiency judgment against defendants, Walter J. Slate and Jessie M. Slate, and either of them, for any balance remaining unpaid after the sale of the mortgaged real estate ordered sold herein at sheriff's sale."

We find nothing substantially wrong with either conclusion. They each flow naturally and logically from the special finding.

The evidence amply sustains the decision evidently reached by the trial court that the appellee building and loan association never at any time agreed to release the appellants from their obligation to pay and that no act of the said appellee had any such legal effect.

There was an abundance of evidence, especially from the note set out in an earlier part of this opinion from which the trial court could conclude and evidently did conclude that the original transaction between the building and loan association and the appellants Slate and Slate was not a mere corporate stock purchase as contended for by the appellants, but that it was a loan of money by the association to Slate and Slate secured by the real estate mortgage foreclosed in the instant case and evidenced by the promissory note heretofore set out.

The appellants have presented no valid reason why the motion for a *venire de novo* should have been sustained. It is our opinion also that the judgment was correct as entered and that it was not subject to modifi-

cation. The motion for a new trial was correctly overruled.

Judgment affirmed.

Bridwell, P. J., concurs in the result.