RALPH L. SHIRMEYER, INC. *v.* INDIANA REVENUE BOARD ET AL.

[No. 28,692. Filed July 23, 1951.]

588

*Hoffman & Hoffman,* of Fort Wayne, for appellant.

*J. Emmett McManamon,* Attorney General; *John J. McShane, Lloyd C. Hutchinson* and *Joseph E. Nowak,* Deputy Attorneys General, for appellees.

*Rolland Obenchain, Sr.,* of South Bend, Amicus Curiae.

BOBBITT, J.—This action arises under the Gross Income Tax Act of 1933, and particularly the Acts of 1947, ch. 370, § 1, p. 1471, being § 64-2601, Burns' 1943 Replacement (1949 Supp.).

Appellant, plaintiff below, was, on April 12, 1946, the owner of certain vacant lots in the city of Fort Wayne. On said date appellant borrowed of the Wayne Mortgage Company, Inc. the sum of $4,800.00 and executed its note and mortgage covering part of said vacant lots to secure the payment of said note when due. Said mortgage was properly recorded, and the last installment on the note is due August 1, 1951. The

money obtained by appellant from the proceeds of said loan was used to construct a dwelling house and make certain improvements upon the real estate described in the mortgage. Thereafter, on June 12, 1946, appellant, by contract of that date, sold the real estate described in said mortgage to Quentin E. and Margie H. Prange, husband and wife, for the sum of $7,760.00, of which $800.00 was paid in cash upon the execution of the contract. Thereafter, on August 5, 1946, appellant executed a deed for the real estate described in said mortgage to the said Pranges, which deed was made subject to the balance due and unpaid on said mortgage to the Wayne Mortgage Company, Inc. At the time of the transfer of the property by deed the unpaid balance of said mortgage was $4,200.00, and upon the delivery of the deed the Pranges paid appellant, in addition to the $800.00 already paid, $2,760.00, making a total cash payment to appellant of $3,560.00. Thereafter, on August 12, 1946, the Pranges paid off the note given by appellant to the Wayne Mortgage Company, Inc. and satisfied the mortgage on the property.

Appellant reported, for gross income tax purposes, for the year 1946, the sum of $3,560.00 cash received from the Pranges and the sum of $4,200.00 representing the amount of the note and mortgage, subject to which the property was purchased by the Pranges, and which they subsequently paid, and paid tax on the said two amounts at the rate of one per cent. Subsequently, on September 12, 1947, appellant filed a claim for refund of the tax on the amount represented by the mortgage. Said claim for refund was denied and appellant filed this action pursuant to § 14 of the Gross Income Tax Act, as amended, § 64-2614, Burns' 1943 Replacement (1949 Supp.), for the recovery of said tax. From an adverse ruling by the trial court appellant, plaintiff below, has appealed to this court.

Appellant contends that it is not subject to gross income tax on the $4,200.00 which was represented by the mortgage, because: (1) only the cash proceeds of the sale came into its possession; (2) the subsequent payment of the mortgage by the purchasers was for their benefit and not for the direct benefit of appellant; (3) the assessment of gross income tax based on the proceeds of a construction mortgage loan, as in this case, constitutes a tax on "borrowed money"; (4) the enforcement of this tax constitutes an unreasonable discrimination between a seller who executed a purchase money mortgage and one who executed a construction mortgage, and amounts to the taking of appellant's property without due process of law.

An examination of the questions raised by this appeal requires the construction of subsections (h), (i) and (m) of the Acts of 1947, ch. 370, § 1, p. 1471, being § 64-2601, Burns' 1943 Replacement (1949 Supp.), and their application to the facts as here presented. Said subsections provide:

"(h) Except as hereinafter otherwise expressly provided, the term 'receipts,' as applied to a taxpayer, shall mean the gross income in cash, notes, credits and/or other property which is received by the taxpayer or is received by a third person for his benefit.

"(i) Except as hereinafter expressly provided, the terms 'receive' or 'received,' or other forms thereof, as applied to a taxpayer, shall mean *the actual coming into possession of,* or the crediting to, the taxpayer of gross income as hereinafter defined, or *the payment of his* expenses, *debts, or other obligations by a third party for his direct benefit.*

"(m) The term 'gross income,' except as hereinafter otherwise expressly provided, means the gross receipts of the taxpayer received as compensation for personal services, including but not in limitation thereof, . . . the gross receipts re-

ceived from the sale, transfer, or exchange, of property, tangible or intangible, real or personal, including the sale of capital assets, . . . and all other receipts of any kind or character received from any source whatsoever, and without any deductions on account of the return of capital invested, the cost of the property sold, the cost of materials used, labor cost, interest, discount, or commissions paid or credited, or any other expense whatsoever paid or credited, and without any deductions on account of losses, and without any other deductions of any kind or character: . . ." (Our italics).

It is well settled in this state that in construing statutes, words and phrases will be given their plain, ordinary and usual meaning unless a different purpose is clearly manifest by the statute itself, § 1-201, Burns' 1946 Replacement; *State ex rel. Clemens* v. *Kern* (1939), 215 Ind. 515, 526, 20 N. E. 2d 514; except where a word or term is defined in the act the courts are bound by that definition. *State, ex rel.* v. *Grange* (1929), 200 Ind. 506, 510, 165 N. E. 239. In case of doubt as to the meaning of taxing statutes they are to be construed more strongly against the state and in favor of the taxpayer. *Oster* v. *Department of Treasury* (1941), 219 Ind. 313, 317, 318, 37 N. E. 2d 528; *Gr. Inc. Tax Dept.* v. *Harbison-Walker Ref. Co.* (1943), 113 Ind. App. 695, 702, 703, 48 N. E. 2d 834; *Walgreen Co.* v. *Gross Income Tax Div.* (1947), 225 Ind. 418, 420, 75 N. E. 2d 784, 1 A. L. R. 2d 1014; *Department of Treasury* v. *Muessel* (1941), 218 Ind. 250, 254, 32 N. E. 2d 596.

The sole question presented for our determination is: Under the facts in this case, was the payment of said mortgage by the Pranges (purchasers) taxable as income to appellant within the meaning of the sections of the statutes above quoted? In determining this we consider:

*First:* Was the entire amount of the selling price of $7,760.00 "income" within the meaning of the Gross Income Tax Act? The term "gross income" was defined by this Court in *Gross Income Tax Div.* v. *Bartlett* (1950), 228 Ind. 505, 515, 93 N. E. 2d 174, 179, as:

> "The meaning of the words 'gross income' in the statute has been construed by the Supreme Court of Indiana in the case of *Miles* v. *Department of Treasury, supra,* in the following language: 'It is contended that the word "income," as used in the title of the act, is not broad enough to cover gross receipts or gross income within the intent of the act. But the term "gross income" is used in the title. This term is understood by lexicographers, and the common usage, to mean total receipts.' "

It has also been held that the payment of indebtedness or the discharge of a liability by a third person is taxable income to the person for whom such payment was made or liability discharged. *Walgreen Co.* v. *Gross Income Tax Div.* (1947), 225 Ind. 418, 75 N. E. 2d 784, 1 A. L. R. 2d 1014, *supra; Helvering* v. *Bruun* (1940), 309 U. S. 461, 84 L. Ed. 864, 60 S. Ct. 631; *Douglas* v. *Willcuts* (1935), 296 U. S. 1, 80 L. Ed. 3, 56 S. Ct. 59; *Old Colony Trust Co.* v. *Commissioner of Int. Rev.* (1929), 279 U. S. 716, 73 L. Ed. 918, 49 S. Ct. 499; 47 C. J. S., Internal Revenue, § 107, p. 237.

The United States Supreme Court in *Douglas* v. *Willcuts* (1935), 296 U. S. 1, 9, 80 L. Ed. 3, 8, 56 S. Ct. 59, *supra,* said: "We have held that income was received by a taxpayer, when, pursuant to a contract, a debt or other obligation was discharged by another *for his benefit. The transaction was regarded as being the same in substance as if the money had been paid to the*

*taxpayer and he had transmitted it to his creditor."* (Our italics).

The contract price for the sale of said real estate was $7,760.00 from which the unpaid balance of the mortgage—viz. $4,200.00—was deducted by the purchaser leaving the sum of $3,560.00 which was paid in cash to appellant upon delivery of the deed. When the grantees (Pranges) deducted the amount of the unpaid balance of the mortgage from the total purchase price, it may be presumed that they (grantees) assumed the payment of said debt of appellant as a part of the purchase price of the property. *Shuler* v. *Hardin, Administrator of South* (1865), 25 Ind. 386; *Atherton* v. *Toney et al.* (1873), 43 Ind. 211, 213; Cf. *Fair Oaks Bldg. & Loan Assn.* v. *Kahler* (1935), 320 Pa. 245, 181 Atl. 779, 111 A. L. R. 1108, 1111.

When the purchasers (Pranges) paid said mortgage to the Wayne Mortgage Company, Inc. and the sum of $4,200.00 was then credited to the account of appellant and its account with the Wayne Mortgage Company, Inc. was reduced by that amount, it was the same in substance and effect as if the entire purchase price of $7,760.00 had been paid to appellant in cash and it had then paid its debt of $4,200.00 to its creditor, the Wayne Mortgage Company, Inc. Such credit to appellant's account will, for the purpose of assessing gross income tax, be considered as a part of appellant's total receipts and taxable income actually received by it within the taxing period in which such credit was entered. (Sec. 1 (m)).

*Second:* Was the payment of said mortgage by the purchasers (Pranges) for the direct benefit of appellant within the meaning of subsection (i) or (h)?

While it may have been in the interest of the purchasers in this case to pay off the mortgage to the

Wayne Mortgage Company, Inc. yet, when they purchased the real estate here in question subject to the existing mortgage, they (the grantee-purchasers) assumed no personal liability for the payment of the mortgage: *Mutual Benefit Life Insurance Co.* v. *Lindley* (1933), 97 Ind. App. 575, 183 N. E. 127; *Hancock* v. *Fleming et al.* (1885), 103 Ind. 533, 535, 3 N. E. 254; *Hancock* v. *Wiggins* (1902), 28 Ind. App. 449, 457, 63 N. E. 242; 59 C. J. S., Mortgages, § 399, p. 563; but took said real estate charged with the payment of the debt and such property became the primary fund out of which said mortgage must be paid. *Bunch* v. *Grave et al.* (1887), 111 Ind. 351, 355, 12 N. E. 514; *Hancock* v. *Fleming et al,* (1885), 103 Ind. 533, 535, 3 N. E. 254, *supra;* 59 C. J. S., Mortgages, § 398, p. 562.

In securing the fund out of which said mortgage was to be paid the purchasers (Pranges) assumed only an equitable obligation to pay the debt secured by the mortgage, *Bunch* v. *Grave et al.* (1887), 111 Ind. 351, 354, 12 N. E. 514, *supra;* and the legal obligation for the payment of the debt secured by said mortgage remained that of the mortgagor (appellant). *Slate* v. *Peoples Mutual Savings & Loan Assn.* (1937), 104 Ind. App. 460, 466, 8 N. E. 2d 101; *Stamper* v. *Link* (1947), 117 Ind. App. 212, 219, 69 N. E. 2d 600; 59 C. J. S., Mortgages, § 342, p. 473.

At the time the purchasers (grantees) discharged their equitable obligation and finished payment of the purchase price of said property by paying to the Wayne Mortgage Company, Inc. the debt secured by said mortgage, they also discharged the legal obligation of appellant. Also, such payment, when made by Pranges, was credited by the Wayne Mortgage Company, Inc. to the account of appellant and satisfied the obligation which appellant incurred when

it borrowed the money for which the mortgage was given as surety. We believe this is sufficient to constitute a credit received by appellant through a third party for its benefit with the meaning of § 1 (h), *supra;* and that it amounted to a direct benefit to appellant within the meaning of § 1 (i) *supra.* This conclusion is supported by the definition of "benefit" in Restatement of the Law, Restitution, § 1 (b), p. 12, which is:

> "b. What constitutes a benefit. A person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action, performs services beneficial to or at the request of the other, *satisfies a debt or a duty of the other,* or in any way adds to the other's security or advantage. He confers a benefit not only where he adds to the property of another, but also where he saves the other from expense or loss. The word 'benefit,' therefore, denotes any form of advantage." (Our italics).

We believe the transaction here clearly comes within the above definition of "benefit."

This court has indicated in *Harvey* v. *Lowry* (1932), 204 Ind. 93, 183 N. E. 309, that the satisfaction of an obligation such as the one here involved would be a benefit to the grantor. In this case certain real estate was sold subject to existing encumbrances consisting of a judgment against the original grantor and, after execution and sale, which resulted in a deficiency judgment against the original grantor, a third person purchased the real estate in question "subject to the payment of the judgment" which the grantee (third person) assumed and agreed to pay. Subsequently an execution was issued for the amount of the deficiency judgment and the sheriff levied upon certain other real estate owned by the original grantor and to prevent a sale he (original grantor) paid the balance due on

the judgment, then filed an action against the assuming grantee, Lowry, to recover the amount of the deficiency judgment which he had paid. In holding that such action would not lie, this court, at page 102 said: "But we construe the covenant as a promise for consideration only to Lowry's grantor, to perform an act for the benefit of the judgment creditor. Apparently the judgment debtor [original grantor] appellant Harvey, *would have been benefited* if Lowry had paid the judgment; . . ." (Our italics).

It therefore follows that the satisfaction of the debt secured by said mortgage by the purchasers (Pranges) under the facts and circumstances in this case was sufficient to constitute a "receipt" and the "receiving" of income as defined in said § 1 (h) and § 1 (i) of the Gross Income Tax Act and was taxable gross income to appellant within the taxable period in which the debt was satisfied and paid. Having reached this conclusion, it is not necessary to consider the other questions raised by appellant.

The judgment of the trial court is affirmed.

NOTE.—Reported in 99 N. E. 2d 847.