Joseph E. **WALTHER** and Mary Margaret Walther, Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 14030.

United States Court of Appeals Seventh Circuit.

May 1, 1963.

William F. Welch, Indianapolis, Ind., for petitioner McHale, Cook, Welch & McKinney, Indianapolis, Ind., of counsel.

Louis F. Oberdorfer, Asst. Atty. Gen., Stephen B. Wolfberg, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., for repondent.

Before HASTINGS, Chief Judge, and DUFFY and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

Taxpayers filed a petition in the Tax Court to set aside an assessment of a deficiency in federal income tax for the calendar year 1957. Involved is a deduction claimed by taxpayers for interest paid by them on certain promissory notes secured by mortgages. This case involves an interest deduction of $3,941.70 claimed by petitioners in their joint returns and which was disallowed by the Commissioner.

Petitioners are husband and wife residing in Indianapolis, Indiana. In 1953, they purchased at a cost of $14,000, certain real estate in Indianapolis which was improved with an apartment building. In 1956, they purchased, at a cost of $80,-000, another nearby parcel of real estate

which was likewise improved with an apartment building. Each of the apartment properties produced rental income.

On April 3, 1956, petitioners mortgaged the first of the properties hereinbefore described for $20,000. On June 1, 1956, they mortgaged the second of said properties for the sum of $65,000. As to each property they executed separate mortgage indentures and a related installment note.

The first installment note was payable in 179 installments due on the 3rd day of each month over a period of fifteen years. The principal of the note was to bear interest at the rate of 4½% per annum from the date thereof to maturity. The second installment note was payable in 179 installments due on the 1st day of each month, and was to bear 5% interest from the date thereof to maturity.

Each of the mortgages provided that the installments, when paid, were to be applied by the mortgagee first, in payment of interest due on said note, and secondly, in payment of the principal of said note.

At a time subsequent to acquiring the real estate, and at a time when the mortgage indebtedness was a recorded lien against the respective parcels, the petitioners, on October 31, 1956, executed an indenture of trust and a warranty deed to co-trustees. By its terms, the trust continues until 1) the expiration of eleven years from and after the date of the indenture of trust, or 2) the death of all of the beneficiaries of the trust, whichever first occurred. The beneficiaries were the six minor children of petitioners whose ages ranged from four to ten years at the time of the creation of the trust. The settlors reserved the right to make additions to the corpus of the trust; otherwise, they had no power to revoke, alter or amend the indenture creating it.

The trust instrument directed the co-trustees to advance funds necessary for the scheduled periodic amortization of the principal of said mortgage; the co-trustees were to collect from settlors periodically to reimburse for such advances, " * * * it being the intent of the Settlors and a condition of the Trust hereby created that this Trust shall not bear the burden of amortizing the aforementioned indebtedness thereon and that the rights hereunder to which the beneficiaries hereinafter designated are entitled shall not be diminished or impaired thereby."

The trust instrument did not authorize payment by the trust of the interest on the mortgage indebtedness. The taxpayers have, since the inception of the trust in 1956, and all through 1957, and to date, paid the interest on the mortgage indebtedness out of their personal funds.

The Commissioner disallowed the claim on the ground the claimed deduction failed to qualify as an interest deduction under Section 163(a) of the Internal Revenue Code of 1954. The Tax Court approved, holding the amounts paid by taxpayers were paid voluntarily and without consideration, and that they were intended to be and were additional gifts of corpus to the trust. The Tax Court found that under Indiana law, the interest paid by taxpayers was owed by the trust. We hold the Tax Court did not correctly interpret Indiana law.

Taxpayers were the primary obligors under the mortgages which encumbered the real estate placed in trust. The conveyance of the real estate to the trust subject to the liens of such mortgages did not change their status. Ralph L. Shirmeyer, Inc. v. Indiana Revenue Board et al., 229 Ind. 586, 593, 99 N.E.2d 847, 850.

The Tax Court apparently held that in Indiana, a conveyance by a grantor-mortgagor of mortgaged real estate, without the assumption of the mortgage by the grantee but subject to the lien of the mortgage, transforms the liability of the mortgagor to the creditor on his original debt from that of principal to that of surety. The Tax Court then erroneously found as a fact that in the absence of a default, the payment of the interest was "voluntary."

In our view, it is the law of Indiana that a conveyance of real estate

subject to an encumbrance such as a mortgage, which is the personal obligation of the grantor, without any assumption by the grantee to discharge the encumbrance, does not operate to relieve the grantor of his obligation to the mortgagee or to transfer such obligation to the grantee.

Several cases were decided by the Supreme Court of Indiana which arose in considering the application of the Indiana Gross Income Tax law to sales of mortgaged real estate.[1] Although the Court was primarily concerned with the income tax question in those cases, the reasoning in the opinions supports the principle that the conveyance of mortgaged real estate subject to the encumbrance and without assumption by the grantee does not operate to transfer the obligation from the grantor to the grantee.

The opinion of the Tax Court relies largely on Gregory v. Arms (1911), 48 Ind.App. 562, 567, 96 N.E. 196. The fact situation in the Gregory case is quite complicated and will not be described here. In Gregory, the Court said, 48 Ind. App. at pages 567–568, 96 N.E. at page 199, "If the purchaser assumes the mortgage, he becomes as to the mortgagor the principal debtor, and the mortgagor the surety, but the mortgagee, unless he has assented to such an arrangement may treat both as principal debtors, and may take a personal judgment against each of them in addition to his decree of foreclosure."

We do not think Gregory stands for what must be the primary premise of the Commissioner's position. That is, when taxpayers conveyed the mortgaged land to the trustees subject to the mortgage and without assumption thereof by the grantees, they were no longer personally liable except as surety in event of default by the grantees.

 We hold that under Indiana law, the conveyance made by the taxpayers did not operate to relieve them of their liability to discharge the mortgage indebtedness, and did not create a principal-surety relationship. The taxpayers remained personally and primarily liable for the interest payments.

Section 163(a) of the Internal Revenue Code of 1954 provides: "There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness." We think that under this statute and the pertinent regulations, the taxpayers were entitled to deduct $3,941.-70 as interest payments as claimed in their joint returns.

The judgment of the Tax Court is

Reversed.

1. Department of State Revenue et al. v. Crown Development Co., Inc. (1952), 231 Ind. 449, 459, 109 N.E.2d 426, 430; Indiana Dept. of State Revenue et al. v. Colpaert Realty Corp. et al. (1952),

231 Ind. 463, 109 N.E.2d 415; Ralph L. Shirmeyer, Inc. v. Indiana Revenue Board et al. (1951), 229 Ind. 586, 593, 594, 99 N.E.2d 847, 850.