In re Dean **ETHERIDGE**, Debtor.

Bankruptcy No. 86–80415.

United States Bankruptcy Court,
C.D. Illinois.

Dec. 9, 1986.

William H. Christison, Peoria, Ill., for debtor.

James S. Brannon, Peoria, Ill., for petitioning creditors.

## OPINION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter came on to be heard on the Debtor's Motion to Dismiss the involuntary petition filed by four creditors. The basis of the Debtor's Motion is that under Section 303(a) of the Bankruptcy Code an involuntary proceeding cannot be commenced against a farmer, and the Debtor is a "farmer" within the definition of that term as found in Section 101(17) of the Bankruptcy Code, which defines a "farmer" as a

"person that received more than 80 percent of such person's gross income during the taxable year of such person immediately preceding the taxable year of such person during which the case under this title concerning such person was commenced from a farming operation owned or operated by such person;"

The issue before this Court is whether the Debtor received more than 80% of his gross income from a farming operation.

The Debtor has attached to his Motion a copy of his 1985 Federal Income Tax Return, the pertinent portions of which provide as follows:

## FORM 1040

| Income | | | | |
|---|---|---|---|---|
| | 8 | Interest income | $ | 2,316.00 |
| | 9a | Dividends | | 2,300.00 |
| | 18 | Rents, royalties, partnerships, estates, trusts, etc. (attach Schedule E) | [ | 11,375.00] |
| | 19 | Farm income or (loss) (attach Schedule F) | | 15,798.00 |
| | 22 | Other income (list type and amount—see page 11 of instructions) N.O.L. Carryover | [ | 19,329.00] |
| | 23 | Add lines 7 through 22. This is your total income | [ | $10,290.00] [1] |

## Schedule F

| Part I | | Farm Income—Cash Method—Complete Parts I and II | | |
|---|---|---|---|---|
| | 4 | Sales of livestock, produce, grains, and other products you raised | $ | 116,293.00 |
| | 7 | Agricultural program payments a. Cash | | 7,128.00 |
| | 10 | Machine work | | 1,800.00 |
| | 11 | Other income, including Federal and state gasoline tax credit or refund (see instructions) | | 12,591.00 |
| | 12 | Gross income. Add amounts on lines 3, 4, 6, and 7a through 11 | | 137,812.00 |
| Part II | | Farm Deductions—Cash and Accrual Method | | |
| | 38 | Total deductions from Part II | | 122,014.00 |
| | 39 | Net farm profit or (loss) | | 15,798.00 |

## FORM 1065
### U.S. PARTNERSHIP RETURN OF INCOME

| Income | | | | |
|---|---|---|---|---|
| | 1 | Gross Receipts or sales $403,956 minus returns and allowances $14,934 | $ | 389,022.00 |
| | 2 | Cost of goods sold and/or operations | | 354,405.00 |
| | 3 | Gross profit | | 34,617.00 |
| | 11 | Total income (loss) | | 34,617.00 |
| Deductions | | | | |
| | 23 | Total Deductions | $ | 22,291.00 |
| | 24 | Ordinary income (loss) | | 12,326.00 [2] |

## FORM 1120S
### U.S. INCOME TAX RETURN FOR AN S CORPORATION

| Income | | | | |
|---|---|---|---|---|
| | 1 | Gross receipts or sales | | $1,435,054.00 |
| | 2 | Cost of goods sold and/or operations | | 1,273,608.00 |
| | 3 | Gross profit | | 161,446.00 |
| | 4 | Nonqualifying interest and nonqualifying dividends | | 3,736.00 |
| | 5 | Gross rents | | 50.00 |

1. There were no Adjustments to Income, so the figure at line 23 is the same as the figure at line 32 showing adjusted gross income.

2. The Debtor's Schedule K-1 shows the Debtor has a 50% interest in this partnership, and that $6,163.00 of the ordinary income was allocated to him.

U.S. INCOME TAX RETURN FOR AN S CORPORATION—Continued

Income

| | | | |
|---|---|---|---|
| 8 | Other income | | $ 25,053.00 |
| 9 | Total income (loss) | | 190,285.00 |

Deductions

| | | | |
|---|---|---|---|
| 23 | Total deductions | | 260,425.00 |
| 24 | Ordinary income (loss) | [ | 70,150.00] [3] |

Based upon the following calculation, the Debtor contends that more than 80% of his gross income comes from farming. He begins by determining total gross income to be $131,253.00, being a total of his interest income of $2,316.00, his dividend income of $2,500.00, his farm gross income from Schedule F of $137,812.00, his pro rata share of loss from the Subchapter S corporation of [$17,538.00], and his pro rata share of profits from the partnership of $6,163.00. He then determines his farm gross income to be $125,221.00, from crop proceeds of $116,293.00, deficiency payments of $7,128.00 and machine work of $1,800.00. Finally, he compares total gross income of $131,253.00 to total farm gross income of $125,221.00 and comes to the conclusion 95.4% of his gross income came from farming.

■ In opposition to the Motion to Dismiss, the creditors argue the Debtor spends substantially more of his time in non-farming endeavors than he spends in farming endeavors. Therefore he is not a farmer. This Court need not spend much time with that contention. Congress has decided the test for determining whether a debtor is a farmer will be based upon his gross income during the immediately preceding taxable year. The amount of time that a debtor spends in generating his gross income is not a factor to be considered.

■ The term "gross income" does not convey the same definite and inflexible significance under all circumstances and wherever used. It is a term whose construction and meaning depends on the context of the subject matter. *First Trust Co. of St. Paul v. Commonwealth Co.*, 98 F.2d 27 (8th Cir.1928). In the context of a tax statute, "gross income" normally means total receipts without deducting expenditures for any purpose. *McCulley v. Kelm*, 112 F.Supp. 832 (D.Minn.1953); *Ralph L. Shirmeyer, Inc. v. Indiana Revenue Board*, 229 Ind. 586, 99 N.E.2d 847 (1951).

■ The difficulty with the Debtor's calculation is that it mixes gross income with losses and profits. The Debtor should not take the gross income figure from Schedule F while at the same time utilizing the loss figure from the Subchapter S corporation and the profit figure from the partnership. To be consistent, the Debtor should use the gross income figure for all three sources of income. The Debtor did use the gross income figure from Schedule F. He should have used the total income to the partnership (line 11, Form 1065) rather than deducting total deductions and using the ordinary income figure (line 24, Form 1065). Had he done so, total income would have been $34,670.00 and his allocable share would have been $17,308.50 rather than $12,326.00 and $6,163.00 respectively.

A Subchapter S corporation and its shareholders are treated in effect like a partnership and its partners. The corporation is a pass through entity or a conduit through which the items of income, deductions, loss, and credit flow to the shareholders and retain their character in the hands of the shareholders in the same general manner as the character of such items of a partnership passes through to partners. Each shareholder of a Subchapter S corporation separately accounts for his pro rata share of items of income, deductions, loss, and credits of the corporation in his tax year in which the tax year ends. [1986] 8

**3.** The Debtor's Schedule K–1 shows the Debtor has a 25% interest in this corporation and that $17,537.50 of the loss was allocated to him.

Stand. Fed. Tax Rep. (CCH) 57,507–08. Instead of taking the Subchapter S total income of $190,285.00 (line 9, Form 1120S) the Debtor subtracted total deductions and utilized the ordinary income figure showing a loss of $70,150,000, of which he was entitled to one-fourth, or $17,538.00. Had the Debtor used total income without subtracting deductions, there would have been total income of $190,285.00, of which his allocable share was $47,571.25.

Based on this Court's analysis of the Debtor's tax return,[4] the Debtor would have total gross income of $207,507.75, consisting of:

| | |
|---|---|
| Interest | $ 2,316.00 |
| Dividends | $ 2,500.00 |
| Gross Farm Income | $137,812.00 |
| Pro rata share of total income from Subchapter S corporation | $ 47,571.25 |
| Pro rata share of total income from partnership | $ 17,308.50 |

Using the Debtor's gross farm income figure of $125,221.00, and comparing it to total gross income of $207,507.75, the percentage of income that came from farming was approximately 60%.

Therefore, Debtor fails to meet the 80% test of Section 101(17) and his Motion should be, and is hereby DENIED. The Debtor is given fourteen (14) days within which to controvert the involuntary petition. If within fourteen days the involuntary petition is not controverted, an order of relief against the Debtor shall be entered.

This Opinion and Order is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

4. This Court recognizes it could be argued the Debtor's gross income should not be adjusted to reflect the partnership and corporation's costs of goods sold. However, this argument was not made and it is not crucial in determining whether the Debtor's farm gross income is more than 80%. This Court will leave to another day a decision on that issue.