(No. 23829.—

Swain Nelson & Sons Co., Appellant, *vs*. The Department of Finance, Appellee.

*Opinion filed February 12, 1937.*

Cornelius Lynde, (E. A. Ribal, of counsel,) for appellant.

Otto Kerner, Attorney General, (Earl B. Dickerson, of counsel,) for appellee.

Mr. Chief Justice Herrick delivered the opinion of the court:

The Department of Finance, under the provisions of the Retailers' Occupation Tax act (State Bar Stat. 1935, chap. 120, p. 2705,) entered a determination finding a tax due from the appellant and assessed the tax. The appellant commenced a *certiorari* proceeding in the superior court of Cook county, pursuant to section 12 of said act, for the purpose of reviewing the hearing conducted by the department resulting in the determination of the tax liability. A hearing was had before the trial court on a motion by the department to quash the writ and dismiss

the suit. The court allowed the motion and entered judgment. The cause is brought here on appeal.

The appellant is a corporation engaged in the business of growing trees and shrubs for sale to the public. It also acts as landscape architect. A portion of appellant's business embraces sales of trees and shrubs to customers, with delivery either at appellant's premises or at such places as may be designated by the purchaser. Tax liability on such sales is admitted and is not here involved. The controverted tax liability arises under the interpretation of contracts for improving, and landscaping with stock from its nursery, land of its customers, which service appellant claims is the major portion of its business. These improvement contracts are generally begun by the preparation of a landscaping plan and may include grading, draining and seeding the customer's premises. The selected trees and shrubs are then taken from appellant's land, transported to the agreed location and there replanted. The evidence was that, in such case, the contract is completed for the customer only when these trees and shrubs are properly growing in his land.

The question here presented is whether under these facts there was a sale of tangible personal property within the terms of the Retailers' Occupation Tax act.

Sales at retail upon which a tax liability is created by the act, as defined under section 1 thereof, "means any transfer of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and not for re-sale in any form as tangible personal property, for a valuable consideration." The burden is cast upon appellant, as objector, to show the invalidity of the tax, the presumption being that it was legally levied and assessed. *People* v. *Diversey Hotel Corp.*, 364 Ill. 298; *People* v. *Maxwell & Co.*, 359 id. 570.

Appellant presents as a defense against liability that, (1) the trees and shrubs in question are not tangible per-

sonal property, but are real estate at the time the contract is made and become a part of the customer's real estate by reason of transplanting and growing in his soil before the terms of the contract are fulfilled by the appellant, (2) the act of severance from appellant's premises necessary to the fulfillment of the contract does not make the trees and shrubs personal property, because it is the admitted intention of both buyer and seller that such trees and shrubs shall be growing in the buyer's land before the terms of the contract are fully performed by appellant, and (3) the transaction does not embrace a sale but is essentially the rendition of a service for the improvement of real estate.

Appellant cites many cases involving controversies between vendor and vendee, executor and heir, landlord and tenant and like relationships where the holdings are to the general effect that growing trees and shrubs partake of the property nature of the land to which they are annexed. They are real property in legal contemplation and the mere removal thereof from the land does not, in and of itself as a matter of law, convert them into personalty. Such conversion occurs only when so intended by the owner or person making the conversion. Such cases are not in point here.

There is an indisputable implication that the object of one engaged in the nursery business in growing trees and shrubs is not for the purpose of producing shade, beautifying his own premises or converting the trees into firewood or lumber, but rather that the stock will be sold to customers. Excluding any question of intention, such trees and shrubs, when severed for the purpose of transporting to other premises would ordinarily, at that stage, be considered as personal property. The problem is then narrowed to whether the true character of such trees and shrubs, when taken from the soil of the nursery with the intent only of transplanting them and making them grow in the

customer's land, continues the trees and shrubs as realty, or whether they lose such character and become tangible personalty within the purview of the Retailers' Occupation Tax act. This question, as we said in *Bradley Supply Co. v. Ames,* 359 Ill. 162, is not whether the transaction "is a sale of personalty as that term is defined at common law, in the decisions of courts or in the Uniform Sales act, but whether it is a transfer of tangible personal property to the purchaser for use or consumption and not for re-sale within the meaning of the Retailers' Occupation Tax act."

The trees and shrubs in question are severed from the nursery soil as a necessary step precedent to replanting them. When placed in the customer's land a substantial portion of the terms of the contract have been carried out. They are so re-set, however, for the use of the customer who, under the terms of the act, is the ultimate user or consumer. At this period the trees and shrubs are no longer the property of appellant. If they do not grow the nurseryman is obligated to replace them and substitute until he has delivered such as do grow. Title to and ownership thereof have passed to the customer as the owner of the land in which they are planted. The customer has acquired the trees and shrubs for a price agreed to be paid the appellant. True, the customer has paid for service, represented by the labor and skill spent by appellant in improving his premises, but included as an integral part of the transaction is the value of the trees and shrubs transplanted. The service is a mere incident to the sale of the goods. Such value has been included by the seller in fixing the consideration for the sale.

It is insisted by appellant that the legislature alone has power to designate trees and shrubs growing on land as personal property for purposes of taxation, citing several Illinois cases in support of that contention. However, such cases are of no assistance in the decision of the issue here. The legislature has spoken on this subject. By

section 12 of the Revenue act (State Bar Stat. 1935, chap. 120, p. 2612,) it has declared that for the purposes of general taxation "the stock of nurseries, growing or otherwise, in the hands of nurserymen, shall be listed and assessed as merchandise." The trees and shrubs of appellant growing in its nursery are personal property subject to general taxation both under the theory that they are grown for the express purpose of sale and severance from the soil and also by the enactment of said section 12.

The transfers involved in the contracts mentioned, on which a tax liability was imposed by the department, are within the terms of the Retailers' Occupation Tax act.

The judgment of the superior court of Cook county was correct and is affirmed. *Judgment affirmed.*