DEPARTMENT OF TREASURY OF THE STATE OF INDIANA ET AL. *v.* ALLIED MILLS, INC.

[No. 27,647. Filed June 8, 1942. Rehearing denied September 28, 1942.]

*George N. Beamer,* Attorney General, *Joseph P. McNamara,* and *David I. Day, Jr.,* Deputy Attorneys General, for appellants.

*James M. Barrett, Jr., Phil M. McNagny, Leigh L. Hunt, Mentor Kraus,* and *J. A. Bruggeman,* all of Fort Wayne, for appellee.

SHAKE, J.—The appellee brought this action to recover certain taxes paid by it under the Indiana Gross Income Tax Act. (ch. 50, Acts 1933, ch. 117, Acts 1937, § 64-2601 et seq., Burns' 1933, § 64-2601 et seq., Burns' 1933 [Supp.], § 15981 et seq., Baldwin's 1934, § 15981 et seq., Baldwin's Supp. 1937). The judgment was against the State, which has appealed. What we deem to be the controlling facts are not seriously in dispute.

The appellee is an Indiana corporation engaged in the manufacture and sale of live stock and poultry feeds, in connection with which it operates a number of factories. In the conduct of its business the appellee divided this State into three geographical areas, each of which was served from a designated factory located at Fort Wayne, Indiana, Peoria, Illinois, or East St. Louis, Illinois. The facilities of these factories were substantially alike and the method of distribution adopted was for the purpose of taking advantage of favorable freight rates, which were reflected in sale prices, and not to evade taxes. The gross income with which we are concerned was derived from sales to resident customers in Indiana to whom deliveries were made from the plants in Illinois, pursuant to orders taken in Indiana and accepted in Illinois.

By the terms of our act there is exempted from taxation "So much of such gross income as is derived from business conducted in commerce between this state and other states of the United States, or between this state and foreign countries, to the extent to which the state of Indiana is prohibied from taxing under the Constitution of the United States of America." § 64-2606, Burns' 1933, § 15986, Baldwins' 1934. Consequently, our problem is that of determining whether the tax here sought to be imposed is prohibited by the com-

merce clause of the Constitution of the United States, as interpreted and applied by the Supreme Court of the United States.

When it was attempted to apply this identical tax to the gross income of a domestic corporation with its principal office and place of business in this State, which income was derived from the sale of its products to customers in other states, the Supreme Court of the United States said:

> "The vice of the statute as applied to receipts from interstate sales is that the tax includes in its measure, without apportionment, receipts derived from activities in interstate commerce; and that the exaction is of such a character that if lawful it may in substance be laid to the fullest extent by States in which the goods are sold as well as those in which they are manufactured. Interstate commerce would thus be subjected to the risk of a double tax burden to which intrastate commerce is not exposed, and which the commerce clause forbids. We have repeatedly held that such a tax is a regulation of, and a burden upon, interstate commerce prohibited by Article I, § 8, of the Constitution." *J. D. Adams Mfg. Co.* v. *Storen, et al.* (1938), 304 U. S. 307, 311, 58 S. Ct. 913, 916, 82 L. Ed. 1365, 1369, 117 A. L. R. 429, 433.

Other cases to like effect are: *Western Live Stock* v. *Bureau of Revenue* (1938), 303 U. S. 250, 58 S. Ct. 546, 82 L. Ed. 823, 115 A. L. R. 944; *Coverdale* v. *Arkansas-Louisiana Pipe Line Co.* (1938), 303 U. S. 604, 58 S. Ct. 736, 82 L. Ed. 1043; *Gwin, White & Prince, Inc.* v. *Henneford* (1939), 305 U. S. 434, 59 S. Ct. 325, 83 L. Ed. 272.

We are not presently confronted with the problem of multiple taxation since it must be concluded, on the authority of the cases cited, that the State of Illinois could not impose such a tax on the appellee's in-

come from sales in Indiana. The question is, rather, whether the incidental interstate nature of the appellee's business entitles it to be exempted from all state taxes of this character.

The trend of the recent decisions appear to support the view that under the circumstances of the case before us the imposition of a tax of this character by the buyer's state will be sustained. *Wiloil Corp.* v. *Pennsylvania* (1935), 294 U. S. 169, Rehearing denied, 294 U. S. 733, 55 S. Ct. 358, 79 L. Ed. 838. *Henneford* v. *Silas Mason Co.* (1937), 300 U. S. 577, 57 S. Ct. 524, 81 L. Ed. 814. *Matter of Sears, Roebuck & Co.* v. *McGoldrick* (1938), 279 N. Y. 184, 280 N. Y. 570, 18 N. E. (2d) 25. "The Sales Tax In Interstate Commerce" (1939), 52 Harvard Law Review 617. "State Sales Taxes: The Supreme Court and the Commerce Clause" (1940), 26 Va. Law Review 1030. Such will be the conclusion of this court until the matter is finally put at rest by the Supreme Court of the United States.

Reversed, with directions to enter judgment for the appellant.

NOTE.—Reported in 42 N. E. (2d) 34.