DEPARTMENT OF TREASURY OF INDIANA ET AL. *v.*
INTERNATIONAL HARVESTER COMPANY ET AL.

[No. 27,767. Filed March 19, 1943. Rehearing denied
May 11, 1943.]

*George N. Beamer*, Attorney General, *David I. Day, Jr.*, and *Byron B. Emswiller*, Deputy Attorneys General, for appellants.

*Edward R. Lewis, Warrack Wallace, Paul N. Rowe*, and *Baker, Daniels, Wallace & Seagle*, all of Indianapolis, for appellees.

SHAKE, J.—The appellees sued to recover gross income taxes paid to the State of Indiana during the years 1935 and 1936. It was stipulated at the trial that judgment for any amount found due should be in favor of the appellee, International Harvester Company, and that, for the purposes of the case, the appellees should be considered as one party.

The evidence disclosed, without conflict, that the appellees were corporations organized under the laws of other states but authorized to do business in Indiana. They were engaged in the manufacture of farm imple-

ments and in the sale of their products both at wholesale and retail. Manufacturing establishments were maintained at Richmond and Fort Wayne, and selling branches at Indianapolis, Terre Haute, Fort Wayne, and Evansville in this State. There were also numerous manufacturing plants and sales branches in adjoining states and elsewhere. Each branch served assigned territory and in several instances parts of Indiana were within the exclusive jurisdiction of branch offices located without the State.

The trial court determined the tax liability of the appellees under four factual situations, designated as Classes A, C, D, and E. The nature of these transactions may be stated as follows:

*CLASS A:* Sales by branches located outside Indiana to dealers and users located in Indiana. These sales were made on orders solicited in Indiana by representatives of out-of-state branches, or upon mail orders sent from Indiana to out-of-state branches. The orders were accepted by the outside state branch offices and the purchase money paid to them. Without directions from the purchasers, the goods were shipped to them in Indiana from branches, warehouses, or factories located outside Indiana.

*CLASS C:* Sales by branches located outside Indiana to dealers and users residing in Indiana. The orders were solicited in Indiana and the customers took delivery to themselves at the factories in Indiana to save time and expense of shipping.

*CLASS D:* Sales by branches located in Indiana to dealers and users residing outside of Indiana, in which the customers came to Indiana and accepted delivery to themselves in this State.

*CLASS E:* Sales by branches located in Indiana to dealers and users residing in Indiana, in which the

goods were shipped from points outside Indiana to customers in Indiana, pursuant to contracts so providing.

The court below found that the appellees were entitled to a refund of taxes paid upon A, C, and D transactions, but not for those under Class E. By properly assigned errors and cross-errors each of these findings is challenged.

Much of the briefs were devoted to the subject of the interstate attributes of the transactions. We consider these discussions beside the issues. Interstate commerce is not to be exempted from this tax unless it is imposed in such a manner as to lead to the possibility of double or multiple burdens. The Supreme Court of the United States held in *J. D. Adams Mfg. Co.* v. *Storen* (1938), 304 U. S. 307, 82 L. Ed. 1365, 58 S. Ct. 913, 117 A. L. R. 429, that this tax could not be imposed upon a domestic corporation with its principal office and place of business in this State, for gross income derived from the sale of its products to customers in other states. The court said that, "the exaction is of such a character that if lawful it may in substance be laid to the fullest extent by states in which the goods are sold, as well as those in which they are manufactured. Interstate commerce could thus be subjected to the risk of a double tax burden to which intrastate commerce is not exposed, and which the commerce clause forbids." In *Department of Treasury* v. *Allied Mills, Inc.* (1942), 220 Ind. 340, 42 N. E. (2d) 34, we interpreted the Adams case as meaning that the tax may be levied by the buyer's state regardless of the incidental interstate nature of the transaction. This view was sustained by the Supreme Court. *Allied Mills, Inc.* v. *Department of Treasury* (1943), 318 U. S. 740, 801, 87 L. Ed. 1120, 1165, 63 S. Ct. 666, 830.

Applying the above decisions to the case at bar, it seems clear that transactions under Classes C, D, and E are subject to our gross income tax. Neither of these classes presents a possibility of double taxation, since no other state could impose such a burden in view of the conclusions reached in the J. D. Adams case.

Class A presents a different problem. Section 2 of ch. 50, Acts 1933, § 64-2602, Burns' 1943 Replacement, § 15982, Baldwin's 1934, which was in force during 1935 and 1936, provided:

"Such tax shall be levied upon the entire gross income of all residents of the state of Indiana, and upon the gross income derived from sources within the state of Indiana, of all persons and/or companies, including banks, who are not residents of the state of Indiana, but are engaged in business in this state or who derived gross income from sources within this state, . . ."

It was beyond the power of the treasury department to broaden the tax base established by this statute by administrative regulations. In *Department of Treasury* v. *Muessel* (1941), 218 Ind. 250, 254, 255, 32 N. E. (2d) 596, this court said:

"Unless the transaction comes clearly within one of the provisions of this definition it cannot be taxed as gross income. It is a settled rule of statutory construction that statutes levying taxes are not to be extended by implications beyond the clear import of the language used, in order to enlarge their operation, so as to embrace transactions not specifically pointed out. In case of doubt such statutes are to be construed more strongly against the state and in favor of the citizen."

The appellants would have us construe the statute as exempting only income derived *entirely from activities*

outside of Indiana. This would distort the clear import of the language employed and violate the rule stated above. Under Class A the orders upon which the goods were sold were accepted outside the confines of Indiana, and payment was made to branches in other states. There was no showing of a tax evasion. We cannot say that income so received by the appellees was "derived from sources within the State of Indiana." Perhaps we should call attention to the fact that §2 of the Gross Income Tax Act of 1933 has since been amended. Acts 1937, ch. 117, p. 604, § 2, § 64-2602, Burns' 1943 Replacement, § 15982, Baldwin's Supp. 1937.

The judgment is affirmed as to Class A and E transactions, and reversed as to Classes C and D. The Superior Court of Marion County, Room 3, will sustain the appellants' motion for a new trial and enter a judgment as indicated by this opinion. The costs are adjudged equally against the parties.

NOTE.—Reported in 47 N. E. (2d) 150.