24

## FORD MOTOR CO. v. DEPARTMENT OF TREASURY OF STATE OF INDIANA et al.

### No. 8417.

Circuit Court of Appeals, Seventh Circuit.
March 4, 1944.

James A. Ross, Robert D. McCord, and Merle H. Miller, all of Indianapolis, Ind. (Ross, McCord, Ice & Miller, of Indianapolis, Ind., of counsel), for appellant.

Winslow Van Horne, John J. McShane, and James A. Emmert, all of Indianapolis, Ind., for appellees.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

Only one question is presented here: Whether the plaintiff-appellant, the Ford Motor Company, a non-resident of Indiana, must pay to the State of Indiana a tax on its gross income from a certain type of transaction designated in the record as "Class A sales." The years in question are 1935, 1936, and 1937.

The plaintiff paid the tax and brought suit in the District Court to recover against the defendants-appellees, the Department of Treasury of the State of Indiana and the officials constituting the Board of that Department. The District Court made findings of fact and stated its conclusions of law thereon in favor of the defendants. From a judgment in favor of the defendants, the plaintiff has appealed.

The plaintiff, as stated in its brief, relied solely upon errors arising out of the court's conclusions of law. The evidence is not before us. The record consists only of pleadings, findings of fact, which are unchallenged, and conclusions of law.

For a description of Class A sales, we look to Finding No. Ten:

"The major cause of the additional assessment asserted by the department was due to the imposition of a tax upon gross receipts by plaintiff from sales where cars, trucks or parts were shipped directly from the plaintiff's factory at Dearborn, or from plaintiff's assembly plants at Chicago, Cincinnati, and Louisville, to dealers in Indiana who were assigned to such branches, and (1) where such products

were paid for by such Indiana dealers in cash upon the delivery thereof at such dealers' place of business in Indiana, such payments having been made by such dealers to the employees of the truck-away or convoy companies upon delivery, and (2) where such products were paid for by such Indiana dealers with finance papers, or a combination of finance papers, and cash, upon delivery thereof at the dealers' place of business in Indiana, such payments having been made by such dealers to the employees of the truck-away or convoy companies upon making such delivery, and in both instances the collections so received by the truck-away or convoy companies were by them taken and delivered in due course to the respective branches of the plaintiff aforesaid entitled to receive the same, were deposited by such branches in their regular depository as hereinbefore found, and were thereupon subject to the further order and disposition by the plaintiff as its property; these may be properly referred to as 'Class A' sales."

The District Court made further relevant findings concerning the nature of Class A sales in Finding No. Seventeen:

"* * *

"(b) All of the gross receipts from the sale of cars, trucks and parts by plaintiff to dealers in Indiana, upon which the taxes and interest were assessed and collected as shown in Finding No. Sixteen,[1] were received by plaintiff while it was engaged in business in Indiana, and derived from sources within Indiana, from the sale and transfer of plaintiff's property which was thus transported to its Indiana dealers as aforesaid, and paid for by such Indiana dealers in cash upon arrival at their places of business in Indiana, or were paid for upon arrival at the place of business of such dealers in Indiana with finance papers executed as aforesaid, or a combination of cash and finance papers, collection having been made in both instances by the employees of said truck-away or convoy companies acting as the agent for the plaintiff in the making of such collections, and who, thereafter, in due course transmitted such receipts and collections to the respective branches of plaintiff entitled to receive the same."

From these findings, it is clear that Class A sales were sales of merchandise manufactured and assembled outside of Indiana but that every transaction in the sales, with the exception of the shipment of the goods and the receipt of some orders, took place in Indiana.

As the Gross Income Tax Law of Indiana was originally enacted in 1933, Chapter 50, Acts of 1933, Burns Indiana Revised Statutes Annotated (1933) § 64-2602, it provided:

"Sec. 2. * * * Such tax shall be levied upon the entire gross income of all residents of the state of Indiana, and upon the gross income derived from sources within the state of Indiana, of all persons and/or companies, including banks, who are not residents of the state of Indiana, but are engaged in business in this state or who derive gross income from sources within this state * * *."

This statute was limited by the holding of the Supreme Court in J. D. Adams Manufacturing Co. v. Storen, 304 U.S. 307, 58 S.Ct. 913, 83 L.Ed. 1365, 117 A.L.R. 429, so as to exclude from its scope sales made outside the State by a domestic corporation of Indiana, although the goods were manufactured in Indiana and shipped therefrom. In accordance with this holding, the Gross Income Tax Law was amended in 1937, Chapter 117, Acts of 1937, Burns Indiana Revised Statutes Annotated (1943) § 64-2602, to read:

"Sec. 2. * * * Such tax shall be levied upon the receipt of the entire gross income of all persons resident and/or domiciled in the state of Indiana, except as herein otherwise provided; and upon the receipt of gross income derived from activities or businesses or any other source within the state of Indiana, of all persons who are not residents of the state of Indiana * * *."

It is conceded by the plaintiff, however, that this amendment does not help its case. It is quite apparent that the District Court intended to find and did find the facts which brought Class A sales squarely within both the provisions of the Act of 1933 and the amended provision of 1937.

The plaintiff relies upon Department of Treasury v. International Harvester Co., 47 N.E.2d 150, 152. In that case, the Indiana Supreme Court said:

"* * * Under Class A the orders upon which the goods were sold were ac-

---

[1] Finding No. Sixteen covered Class A sales and another class not involved here.

cepted outside the confines of Indiana, and payment was made to branches in other states. There was no showing of a tax evasion. We cannot say that income so received by the appellees was 'derived from sources within the state of Indiana.'"

Thus it will be seen that in that case the articles were accepted and paid for outside of Indiana, while in the case at bar they were accepted and paid for in Indiana. In one case, we have a sale within Indiana, which is covered by the statute, and in the other, a sale without Indiana not covered by the statute.

■ The plaintiff also insists that the tax in the case at bar is a burden upon interstate commerce and therefore invalid, citing J. D. Adams Manufacturing Co. v. Storen, supra. In that case, as we have said, the State of Indiana sought to tax the gross receipts of a domestic corporation which were derived from the sale of goods manufactured within the State but sold outside the State. The Supreme Court held that the tax was a burden upon interstate commerce and invalid. That is not the case we have before us. Since the gross income here involved was derived from sales in which all transactions except the placing of some orders and the shipment of the goods took place in Indiana, the sales occurred in Indiana and such transactions were so isolated in and identified with Indiana that the possibility of multiple taxation of such sales was eliminated. That being so, the fact that the merchandise arrived in Indiana in interstate commerce is immaterial. Department of Treasury v. Allied Mills, 220 Ind. 340, 42 N.E.2d 34; J. D. Adams Manufacturing Co. v. Storen, supra; Department of Treasury of Indiana v. Wood Preserving Corp., 313 U.S. 62, 61 S.Ct. 885, 85 L.Ed. 1188; McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33, 57, 60 S.Ct. 388, 84 L.Ed. 565, 128 A.L.R. 876.

It is not controlling that the gross income taxed is derived from the sale of goods that arrive in the State in interstate commerce. If the tax does not burden interstate commerce, it is not invalid, and it does not burden interstate commerce when the gross receipts are derived from sales that took place within the taxing state. That is this case.

■■ The plaintiff had made its claim for refund with the Gross Income Tax Division of the Department of Treasury of Indiana. The Division had within it one designated as hearing judge, who rendered to the Division opinions on applications for refund. In the case at bar, the hearing judge first ruled the refund was not proper. Later he ruled that it was proper and that refund should be made, and the plaintiff was so advised. However, the hearing judge's later ruling was not approved by the Department, and the case in the District Court proceeded to trial. The plaintiff amended its pleadings and alleged that the ruling of the hearing judge and its communication to the plaintiff amounted to an account stated.

As to this, the District Court found: "Finding No. Fifteen.

"At no time did defendant or any of its attorneys, agents or employees promise plaintiff that the sum of $78,514.10, or any other specifically stated amount would be refunded to plaintiff. No certificate of over-assessment was issued to plaintiff by defendant at any time."

In order to have an account stated, the party who states the account must be authorized to do so, and the account stated must be for a definite, certain amount. American Jurisprudence, Vol. 1, Accounts and Accounting, §§ 23-24. There is no finding in the case at bar that the so-called hearing judge in the Gross Income Tax Division was authorized to bind the State of Indiana or that his ruling was final. Evidently it was not final, as it was not followed by the Department. We have found no authority in the statutes of Indiana that statements of such a hearing judge bind the State of Indiana. It follows, therefore, that no one who was authorized to do so stated an account and that furthermore the alleged account stated was not found to be for any specific amount. Therefore, the State of Indiana is not liable on the theory of an account stated.

The judgment is affirmed.

LINDLEY, District Judge (dissenting).

I am sorry to say that after mature consideration, I find it impossible to distinguish the facts here from those in Department of Treasury v. International Harvester Company, Ind.Sup., 47 N.E.2d 150. In view of that decision, I think the judgment should be reversed.