INDIANA DEPARTMENT OF STATE REVENUE, GROSS INCOME TAX DIVISION of the State of Indiana, Donald H. Clark, Commissioner, Appellants (Defendants Below),

v.

BEEMER ENTERPRISES, INC., an Indiana Corporation, Appellee (Plaintiff Below).

No. 3–678A149.

Court of Appeals of Indiana, Third District.

Feb. 26, 1979.

Theo. L. Sendak, Atty. Gen., Victoria R. Van Duren, Deputy Atty. Gen., Indianapolis, for appellants.

Michael J. Kiley, Thomas R. Hunt, Kiley, Osborn, Kiley, Harker & Rogers, Marion, for appellee.

STATON, Judge.

Beemer Enterprises, Inc. brought the action below to recover taxes, interest and penalty charges paid under protest after the Indiana Department of Revenue assessed tax deficiencies against commissions received by Beemer during the years 1964 through 1972. The trial court determined that Beemer was entitled to a refund for taxes paid on the commissions generated by sales made in Illinois and Michigan. Finding no error, we affirm.

Beemer Enterprises, Inc. is an Indiana corporation with only one employee. It engages the services of four independent commissioned salesmen, each of whom has a particular sales territory throughout Indiana, Illinois and Michigan. Three of these four salesmen live outside the State of Indiana. Only one of the three does business in a small section of Indiana. The fourth salesman lives in Indiana and works primarily within Indiana. Each salesman pays all of his own expenses except for a portion of the promotional expense which Beemer pays.

Beemer has a verbal agreement with Wood Metal Industries, Inc., a Pennsylvania corporation, whereby Beemer is the manufacturer's representative for Wood Metal products sold within the states of Indiana, Illinois and Michigan.

Wood Metal supplies order forms to each salesman who places an order by filling in a form and sending it directly to Wood Metal. Subsequently, an acknowledgement of the order is sent to Beemer. Wood Metal manufactures all merchandise outside the State of Indiana and ships orders directly to the customer from Pennsylvania. As the trial court specifically found,

"14. If the customer's place of business is located outside of Indiana neither the filling out of the order form nor the shipment of goods has any contact with the State of Indiana."

Wood Metal each month pays a 12% commission on all orders which were shipped by Wood Metal to Indiana, Illinois and Michigan. Plaintiff retains a 5% commission and pays the remaining 7% commission to the salesman who placed each order.

During the tax years in question, Beemer received over a million dollars in commissions. However, only 23.7% of the commissions resulted from sales to Wood Metal customers in Indiana. The remaining 76.3% of the commissions was realized from sales of Wood Metal products to customers in Illinois and Michigan.

Beemer concedes that it was properly assessed a gross income tax on commissions it received from sales made to customers in Indiana.

After an audit, the Department of Revenue assessed a gross income tax upon commissions received from sales made to customers in Illinois and Michigan. Beemer filed a claim for refund of such assessment, including interest and penalty paid.

After making extensive findings of fact, the trial court concluded that the law was with Beemer, and:

"3. That the commissions received by BEEMER from sales generated within the State of Indiana during the calendar years in questions, or $248,598.05, were sales made in intrastate commerce and are therefore taxable at the 2% gross income tax rate on that figure less the $1,000.00 exemption for each taxable year in question, or 2% of the $239,598.05.

"4. That the commissions received by BEEMER from sales generated during the calendar years 1964 through 1972 to WOOD METAL customers in the States of Michigan and Illinois, or $800,168.74 were commissions derived from sales made solely in interstate commerce and are, therefore, exempt from the Indiana Gross Income Tax by virtue of THE COMMERCE CLAUSE and Section 7 of THE ACT. [IC 1971, 6–2–1–7 (Burns Code Ed.)]

"5. That the gross income taxes and the interest charges added thereto on the commissions derived by BEEMER from sales in the States of Michigan and Illinois were collected erroneously by THE DEPARTMENT from BEEMER for the reason that the ascertainment, assessment and collection of such taxes violated the provisions of THE COMMERCE CLAUSE, the Fourteenth Amendment to the Constitution of the United States of American [sic] and Section 7 of THE ACT by reason of which said tax as collected by THE DEPARTMENT were illegal, unconstitutional and void.

"6. That by reason of the collection of such illegal, unconstitutional and void taxes from BEEMER by THE DEPARTMENT, BEEMER is entitled to a refund from THE DEPARTMENT in the amount of $22,824.36 for the audit period covering the calendar years 1964 through 1972 plus interest at the rate of 6% per annum from the date of over payment by BEEMER.    . . ."

On appeal, the Department of Revenue contends that its assessment of tax upon Beemer's commissions did not violate the Commerce Clause of the United States Constitution nor the exemption contained in IC 1971, 6–2–1–7(a), Ind.Ann.Stat. § 64–2606(a) (Burns Code Ed.), but was properly made on Beemer's income pursuant to IC 1971, 6–2–1–1(m), Ind.Ann.Stat. § 64–2601(m) (Burns Code Ed.).

The Indiana Gross Income Tax Act, IC 1971, 6–2–1–1 et seq., contains the following language:

"There is hereby imposed a tax upon the receipt of gross income, measured by the amount or volume of gross income, and in the amount to be determined by such application of rates on such gross income as hereinafter provided. Such tax shall be levied upon the receipt of the entire gross income of all persons resident and/or domiciled in the state of Indiana, except as herein otherwise provided;
. . . ."

IC 1971, 6–2–1–2, Ind.Ann.Stat. § 64–2602 (Burns Code Ed.). The Act defines "gross income" as follows: .

"The term 'gross income,' except as hereinafter otherwise expressly provided, means the gross receipts of the taxpayer received as compensation for personal services, including but not in limitation thereof, wages, bonuses, salaries, fees, commissions . . . and the gross receipts of the taxpayer received from trades, businesses, or commerce, . . . and all other receipts of any kind or character received from any source whatsoever, and without any deductions on account of the return of capital invested, the cost of the property sold, the cost of materials used, labor cost, interest, discount, or commissions paid or credited, or any other expense whatsoever paid or credited, and without any deductions on account of losses, and without any other deductions of any kind or character,
. . . . .

"With respect to individuals resident in Indiana and corporations incorporated under the laws of Indiana authorized to do and doing business in any other state or foreign country, the term 'gross income' shall not include gross receipts received from sources outside the state of Indiana in cases where such gross receipts are received from a trade or business situated and regularly carried on at a legal situs outside the state of Indiana, or from activities incident thereto (including the disposal of capital assets or other properties which had been theretofore acquired or used in carrying on such trade or business). However, it is not the intention by the foregoing language to exclude from the definition of 'gross income' any receipts of a taxpayer received as interest or dividends, or from sales, or other receipts received from investments, which investments were acquired or disposed of other than in connection with the business in which such taxpayer is regularly engaged, nor shall this exclusion be construed as applying to salaries, wages, bonuses, commissions, or other personal remuneration of any kind or character received by any taxpayer."

IC 1971, 6–2–1–1(m). This definition clearly excludes from gross income any gross receipts from sources outside Indiana. However, the language does not clearly exclude *commissions* which were generated from business sources outside Indiana.

The trial court expressed the view that such commissions were exempt from taxation under IC 1971, 6–2–1–7, which provides as follows:

"There shall be excepted from the gross income taxable under this chapter:

"(a) [Income derived from interstate commerce—Salaries, pensions and interest paid by United States] So much of such gross income as is derived from business conducted in commerce between this state and other states of the United States, or between this state and foreign countries, but only to the extent to which the state of Indiana is prohibited from taxing such gross income by the Constitution of the United States of America."

The constitutional prohibition against taxation is found by interpreting the Commerce Clause, which gives Congress the exclusive power to regulate commerce between the states; and the Fourteenth Amendment, which requires a state to have a nexus with the taxed entity. The trial court found that the Commerce Clause and the Fourteenth Amendment forbid taxation of transactions in interstate commerce.

We must determine whether the commissions which Beemer received as a result of sales made in interstate commerce are exempt from Indiana's gross income tax.

If we were dealing with a gross income tax imposed on the gross receipts of Wood Metal's (through Beemer) sales in Illinois and Michigan, the answer would be clear. The State of Indiana specifically excludes such receipts from a corporation's gross income for tax purposes. IC 1971, 6–2–1–1(m); *Indiana Dept. of S. R. v. Frank Purcell Walnut Lbr. Co.* (1972), 152 Ind.App. 122, 282 N.E.2d 336; *Gross Income Tax Division v. Surface Combustion Corp.* (1953), 232 Ind. 100, 111 N.E.2d 50; *J. D. Adams Mfg. Co. v. Storen* (1938), 304 U.S. 307, 58 S.Ct. 913, 82 L.Ed. 1365 (striking down the state's tax on gross receipts from interstate commerce).

However, our question involves taxation of a domestic corporation's *commissions* which were generated from interstate sales of products manufactured by an entirely distinct, out-of-state corporation and shipped to out-of-state customers.

Our reading of Indiana case law and our interpretation of the statutes involved lead us to the inescapable conclusion that the State of Indiana may not tax commissions which are generated from the interstate sale of products.

We begin with the proposition that Beemer's receipt of commissions in Indiana constituted a taxable event for the purposes of the Gross Income Tax Act. *Gross Income Tax Division v. P. F. Goodrich Corp.* (1973), 260 Ind. 41, 292 N.E.2d 247. Since the commissions were not "gross receipts received from sources outside the state of Indiana", they were not excluded from the definition of "gross income." IC 1971, 6–2–1–1(m). Instead, the commissions constituted the entire amount which Beemer received as a result of sales made by his salesmen. As pointed out in *Goodrich, supra*, 292 N.E.2d 247, 249, "while the source of that [taxable] income may be beyond the jurisdiction of this State the income itself may not enjoy the same immunity. . ."

Further, the State of Indiana had sufficient contacts with Beemer to meet the requirements of the Due Process Clause of the Fourteenth Amendment. Beemer is an Indiana corporation doing business in Indiana. The receipt of commissions which constituted the taxable transaction occurred in Indiana.

Nonetheless, while Beemer was subject to Indiana taxes, we are unable to conclude that it must be required to pay a gross income tax on all of its commissions received from Wood Metal.

The courts of Indiana have consistently exempted from taxation gross income derived from transactions in interstate commerce. In *Gross Income Tax Division v. Strauss* (1948), 226 Ind. 329, 79 N.E.2d 103, the Indiana Supreme Court considered the taxability of profits received from interstate sales. In that case, Strauss raised poultry which was shipped out of state for sale through a farmers' association. After commissions and expenses were deducted, she received the residue. The court held that the state could not impose a gross income tax on the amounts she received:

"We do not believe it has ever been the intention of the Indiana Legislature to attempt to apply the gross income tax to income of its citizens received from interstate commerce. The exemption in # 6 of the original act and all revisions thereof as heretofore noted, clearly indicate it has never so intended. But whatever may have been its intentions, it is clear to us that in this case the gross income tax authorities are trespassing upon grounds that were long ago surrendered to the Federal Government, and which it continues to retain. Practically every citizen has a domicile somewhere in this nation, where he must pay all the taxes required by the constitutional laws of the state or territory of his domicile and such local tax as may be lawfully levied. But no citizen may be required by his state or other local authority to pay a tax on his receipts from, or transactions in interstate commerce, under the guise of a domiciliary tax. That field of regulation belongs alone to the national government. That appellant is permanently domiciled in Indiana is no reason why her transactions in interstate commerce may be taxed by the state."

79 N.E.2d 103, 106–7. *See also Gross Income Tax Division v. J. L. Cox & Son* (1949), 227 Ind. 468, 86 N.E.2d 693; *Gross Income Tax Division v. L. S. Ayres & Co.* (1954), 233 Ind. 194, 118 N.E.2d 480.

Likewise, in *Gross Income Tax Div. v. Owens-Corning Fiber. Corp.* (1969), 253 Ind. 102, 251 N.E.2d 818, the court refused to permit taxation upon income derived from sales, where the account was almost entirely the result of interstate transactions.

In *Mueller Brass Co. v. Gross Income Tax Division, Etc.* (1971), 255 Ind. 514, 265 N.E.2d 704, the court exempted certain sales made in the northern portion of Indiana, stating that "certain of the sales were not made within the state since sufficient contact between instate activity and the sales did not exist; . . . ." 265 N.E.2d at 717.

Finally, in a case relied upon by both parties, *Indiana Dept. of S. R. v. Frank Purcell Walnut Lbr. Co., supra*, 282 N.E.2d 336, the Court of Appeals declared:

"Purcell's income resulting from sales to customers outside the State of Indiana is not subject to taxation under either Act, was not considered by the Department when it computed the deficiency against Purcell, and is not in dispute in this action."

282 N.E.2d at 339. In that case, Purcell was an Indiana corporation maintaining a resident agent in Indiana and doing business at a legal situs outside Indiana. The Department sought to tax income derived from sales to an Indiana buyer. No attempt was made to tax income from sources outside the state.

In *Purcell, supra*, the court interpreted a portion of IC 1971, 6–2–1–1(m) as follows:

"Our interpretation of Section 1(m) is that gross income of an Indiana corporation which conducts its business outside this state does not include income *received* from a customer located outside of Indiana. If the term 'sources' is construed to mean the situs at which the seller's business is being conducted the statute must be distorted to interpret 'sources' to mean the situs at which the seller's business is being conducted. Such an interpretation ignores the first three lines of § 1(m), which create a category of taxpayers consisting of Indiana corporations 'authorized to do and doing business in any other state.' The remainder of that sentence goes on to describe their exempt income as being gross receipts received from a trade or business situated at a situs outside Indiana. Attributing to these words their plain and ordinary meaning we must conclude that 'sources' means customers or buyers.

\*     \*     \*     \*     \*     \*

"Section 1(m) requires that the source of income be from outside the state to be exempt from tax."

282 N.E.2d at 340–41. Under this reasoning, much of Beemer's income from commissions would be excluded from taxation, since 76.3% of its "sources" of sales, or customers, was located in Illinois or Michigan. In *Purcell, supra*, the court allowed the state to tax sales to an Indiana buyer, noting:

"So the imposition of the gross income tax upon the present transaction in no way discriminates against interstate commerce as the tax is fairly apportioned to local activities, *i. e.,* sales by an Indiana corporation to an Indiana corporation. No attempt is made to apply the gross income tax to Purcell's income from sources outside the state of Indiana."

282 N.E.2d at 343.

A more recent case determined that, even when the state has jurisdiction over the income received by an Indiana corporation and over the corporation itself, it may be prohibited by the Commerce Clause from taxing the entire amount of income. *Gross Income Tax Division v. P. F. Goodrich Corp., supra*, 292 N.E.2d 247, 250–51. The court required the state to properly apportion the tax to the taxpayer's local activities within the state.

There is no question that Beemer, as an Indiana corporation, is subject to the State's Gross Income Tax Act. Income received in the form of commissions is a taxable event in Indiana.

However, the findings of fact establish that over three-fourths of Beemer's commissions resulted from sales of products which were made, ordered, and shipped entirely outside Indiana. The record supports the trial court's findings. The trial court properly concluded that the state was forbidden to tax income from those sales which were made out-of-state, that is, in interstate commerce. Nonetheless, Beemer was liable for income tax on commissions it received from sales made within Indiana.

The trial court correctly apportioned[1] Beemer's tax to its local activities. The trial court imposed a 2% gross income tax on that portion of Beemer's commissions which resulted from sales made in Indiana. Such a result is reasonable.

The judgment of the trial court is hereby affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.

1. In its brief, the Dept. of Revenue itself states that a

"state may legally tax an Indiana taxpayer for income realized by him as a result of his activities in this state provided the tax is apportioned and related to local activities. . . ."